IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SAM LOUIS GILBERT,  <br>    Plaintiff,  <br><br>v.  <br><br>COMMISSIONER OF SOCIAL SECURITY,  <br>    Defendant. | )  <br>)  <br>)  <br>)       No. 2:25-cv-02557-SHL-jay  <br>)  <br>)  <br>)  <br>)  <br>) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**

Before the Court is Magistrate Judge Jon A. York's Report and Recommendation ("R&R"), filed December 19, 2025. (ECF No. 19.) In the R&R, the Magistrate Judge recommends that the Court dismiss Plaintiff Sam Louis Gilbert's pro se complaint, which alleges that the Social Security Administration collected an overpayment from Gilbert and his child in June 2023, because Gilbert has not exhausted his administrative remedies.

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff's deadline to object to the R&R was January 2, 2026, and no objections have been filed. The Court has therefore reviewed the R&R in its entirety for clear error and finds none. The R&R properly explains that both the determination of an overpayment and the disposition of a waiver request—which are the claims at issue in Gilbert's complaint—are initial determinations that are not reviewable in the courts. (ECF No. 19 at PageID 98 (citing 20 C.F.R. § 404.902).) As the Magistrate Judge explained, a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision, and there is no indication in the record that Gilbert has completed that process and received an appealable final decision. (Id.) Because Gilbert failed to receive a final decision that is subject to judicial review, the R&R properly concludes that Gilbert's complaint should be dismissed for failure to state a claim.

Therefore, the Court **ADOPTS** the Magistrate Judge's Report and **DISMISSES** the Complaint **WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 26th day of February, 2026.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE